IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

COURT FILE NO.: 07-CV-02541-LTB-BNB

PHYLLIS NOAKES,

    Plaintiff,

v.

GLOBAL VANTEDGE, INC., a Delaware corporation,

    Defendant.

## AMENDED ANSWER OF GLOBAL VANTEDGE, INC.

Defendant, Global Vantedge, Inc., a Delaware corporation (Global Vantedge), as and for its Answer to the Complaint of Phyllis Noakes (Plaintiff), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to Paragraph 1 of the Plaintiff's Complaint, Global Vantedge admits that the statutes referenced confer jurisdiction but denies that it has violated any law subjecting it to the jurisdiction of this Honorable Court.

2. Global Vantedge denies the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. In response to Paragraph 3 of the Plaintiff's Complaint, Global Vantedge admits that venue is proper but denies that it violated in law.

4. Global Vantedge has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 4 of the Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

5. Global Vantedge has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 5 of the Plaintiff's Complaint, and therefore denies the same and puts the Plaintiff to her strictest burden of proof thereof.

6. Global Vantedge admits the allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7. In response to Paragraph 7 of the Plaintiff's Complaint, Global Vantedge admits that at times it is a debt collector as defined by the FDCPA.

8. Global Vantedge admits the allegations set forth in Paragraph 8 of the Plaintiff's Complaint.

9. Global Vantedge admits the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. In response to Paragraph 10 of the Plaintiff's Complaint, Global Vantedge admits, upon information and belief, that the Plaintiff incurred a financial obligation on a CitiBank account. To all other extends, Global Vantedge has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

11. Global Vantedge admits the allegations set forth in Paragraph 11 of the Plaintiff's Complaint, upon information and belief.

12. Global Vantedge admits the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13. Global Vantedge admits the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. In response to Paragraph 14 of the Plaintiff's Complaint, Global Vantedge admits that telephone calls and/or messages were exchanged. To all other extends, Global Vantedge has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

15. Global Vantedge denies the allegations set forth in Paragraph 15 of the Plaintiff's Complaint.

16. Global Vantedge denies the allegations set forth in Paragraph 16 of the Plaintiff's Complaint.

17. Global Vantedge denies the allegations set forth in Paragraph 17 of the Plaintiff's Complaint.

18. Global Vantedge denies the allegations set forth in Paragraph 18 of the Plaintiff's Complaint.

19. Global Vantedge denies the allegations set forth in Paragraph 19 of the Plaintiff's Complaint.

20. Global Vantedge denies the allegations set forth in Paragraph 20 of the Plaintiff's Complaint.

21. Global Vantedge denies the allegations set forth in Paragraph 21 of the Plaintiff's Complaint.

22. Global Vantedge denies the allegations set forth in Paragraph 22 of the Plaintiff's Complaint.

23. Global Vantedge denies the allegations set forth in Paragraph 23 of the Plaintiff's Complaint.

24. Global Vantedge denies the allegations set forth in Paragraph 24 of the Plaintiff's Complaint.

25. Global Vantedge denies the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

26. Global Vantedge denies the allegations set forth in Paragraph 26 of the Plaintiff's Complaint.

27. Global Vantedge denies the allegations set forth in Paragraph 27 of the Plaintiff's Complaint.

28. Global Vantedge denies the allegations set forth in Paragraph 28 of the Plaintiff's Complaint.

29. Global Vantedge denies the allegations set forth in Paragraph 29 of the Plaintiff's Complaint.

30.     Global Vantedge denies the allegations set forth in Paragraph 30 of the Plaintiff's Complaint.

31.     Global Vantedge denies the allegations set forth in Paragraph 31 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by the Plaintiff, which Global Vantedge denies, was due to the affirmative actions and/or omissions of the Plaintiff or others, and does not give rise to any liability of Global Vantedge.

### THIRD DEFENSE

Any violation of the FDCPA, which Global Vantedge denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH DEFENSE

Global Vantedge further asserts, please and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

### FIFTH DEFENSE

Any violation of the law or damage suffered by the Plaintiff, which Global Vantedge denies,

was due to the affirmative actions and/or omissions of the Plaintiff or others, and does not give rise to any claim of damages against Global Vantedge.

### SIXTH DEFENSE

The Plaintiff has suffered no damages as a result of any acts or omissions of Global Vantedge.

### SEVENTH DEFENSE

1. The Defendant has made an Offer of Judgment pursuant to F.R.C.P. Rule 68, offering judgment to the Plaintiff for $1,000.00 of statutory damages pursuant to 15 U.S.C. §1692k (a)(2)(A), plus $1,200.00 for reasonable attorney's fees, plus costs, pursuant to 15 U.S.C. §1692k (a)(3). The Offer of Judgment constitutes an offer of the maximum amount of damages which the Plaintiff may be entitled to recover under the FDCPA, plus reasonable attorney's fees and costs. Accordingly, the Plaintiff should not be entitled to recover any attorney's fees accruing after February 13, 2008, the date of the Offer of Judgment. *Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir.1997).

2. Since the Offer of Judgment constitutes the maximum amount of damages which the Plaintiff could recover in this action, there is no longer an Article III controversy before this Court, and the Complaint should be dismissed for lack of subject matter jurisdiction. *Murphy v. Equifax Check Services, Inc.*, 35 F.Supp.2d 200 (D.Conn.1999).

3. Pursuant to F.R.C.P. Rule 68, if the Plaintiff does not obtain judgment in an amount more favorable than the Offer of Judgment, the Plaintiff must pay the costs incurred after the making of the offer.

**WHEREFORE**, Global Vantedge prays for an order and judgement of this Court in its favor against the Plaintiff, as follows:

A, Dismissing all causes of action against Global Vantedge with prejudice and on the merits; and,

B. Awarding Global Vantedge such other relief as the Court deems just and proper.

DATED February 13, 2008.

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

*[signature]*

Jacques A. Machol, Jr., #3502
James A. Kaplan, #7741
Attorneys for the Defendant
Dominion Plaza, Suite 800 North
600 Seventeenth Street
Denver, CO 80202
Office: (303) 830-0075
Fax: (303) 830-0047
E-mail: JacquesJr.Machol@publicans.com
E-mail: James.Kaplan@publicans.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___13th___ day of February, 2008, the foregoing **AMENDED ANSWER OF GLOBAL VANTEDGE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David M. Larson, Esq.
405 South Cascade Avenue, Suite 305
Colorado Springs, CO 80903
E-mail: Larsonlawoffice@yahoo.com

*[signature]*

Christina R. Gonzales - Paralegal

G:\JAM-para\Christina\FDCPA Violation Suits\Global (Noakes)\Amended Answer.wpd